UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELECTRONIC PUBLICATION ONLY

---------------------------------------------------------------- X

R.M. DEVELOPMENT & CONSTRUCTION, LLC

                              *Plaintiff*,

       - against -

PRINCIPLE IX ASSOCIATES, LLC, LUMUS
CONSTRUCTION, INC., INTEGRATED
CONSTRUCTION ENTERPRISES, INC., and
ARCH INSURANCE COMPANY,

                              *Defendants*.

MEMORANDUM
AND ORDER

09-CV-1666 (JG) (SMG)

---------------------------------------------------------------- X

A P P E A R A N C E S:

    COHEN & KRASSNER
        450 Seventh Avenue Suite 1608
        New York, NY 10123
    By:    Paula Rachel Gilbert
        *Attorneys for Plaintiff*

    PALMERI & GAVEN
        80 Maiden Lane Suite 505
        New York, NY 10271
    By:    John James Palmeri
        *Attorneys for Defendants Lumus
        Construction, Inc., Integrated
        Construction Enterprises, Inc., and
        Arch Insurance Co.*

    CITY, HAYES & DISSETTE, P.C.
        50 Congress Street Suite 200
        Boston, MA 02109
    By:    Lewis R. Lear
        *Attorneys for Defendants Lumus
        Construction, Inc., Integrated
        Construction Enterprises, Inc., and
        Arch Insurance Co.*

JOHN GLEESON, United States District Judge:

Plaintiff R.M. Development & Construction, LLC ("R.M.") sued defendants Principle IX Associates, LLC ("Principle IX"), Lumus Construction, Inc. ("Lumus"), Integrated Construction Enterprises, Inc. ("ICE"), and Arch Insurance Co. ("Arch") in New York State Supreme Court to recover payment for construction services it provided in connection with the relocation, stabilization, and restoration of the Hamilton Grange National Memorial ("the project").[1] Defendants filed a notice of removal on April 23, 2009. Lumus now moves to dismiss R.M.'s claim against it pursuant to Fed. R. Civ. P. 12(b)(6) because there is no privity of contract between R.M. and Lumus. I heard oral argument on the motion on June 25, 2009 and now deny it for the following reasons.

BACKGROUND

According to R.M.'s complaint, it worked as a subcontractor on the project, ICE and Principle IX were contractors on the project, and ICE was the "general contractor" on the project. Compl. ¶¶ 6-9.[2] R.M. also alleges that it "performed work" on the project "[a]t defendants' specific instant and request," *id.* at ¶ 13, that "defendants" owe and have not paid R.M. $324,500 for this work despite R.M.'s demands, *id.* at ¶¶ 14-16, and that R.M. has been damaged as a result. *Id.* at ¶ 17.

Defendants' motion purports to explicate the contractual relations between the parties in this case. According to defendants, ICE was awarded the contract for the project by the National Park Service. It entered into a subcontract with Lumus "to serve as the project site supervisor because Lumus was able to bring to the project substantial experience in historical renovation work." Def. Mem. 2. Lumus executed a "sub-subcontract" with Principle IX "to

---

[1] The complaint also sought to enforce Arch's obligation on payment and performance bonds issued in connection with the project. However, R.M has agreed to dismiss its claims against ICE and Arch, and these defendants are dismissed accordingly.

[2] A copy of the complaint is annexed to the Notice of Removal as Exhibit B.

2

provide the trade work for the project and to render quality control services. *Id.* Finally, Principle IX executed a contract with R.M. in which R.M. agreed "to perform the project site work, including dewatering, and concrete work." *Id.* Arch, Lumus, and ICE maintain that they were not parties to the contract between R.M. and Principle IX, and that they never made "any payments to R.M. Development." *Id.* at 2-3.

In its opposition to the motion, R.M. does not dispute that the only parties to the contract R.M. signed were R.M. and Principle IX. However, it has attached an affidavit from Ricardo Morris, R.M.'s former Chief Operating Officer (the "Morris Affidavit"). In it, Morris states that before R.M. came on to the project, he met with Paul Chewbaka of ICE and Aaron Bethea of Principle IX. Morris was "aware that Principle IX had no assets and no money" and "was merely a conduit used to engage minority contractors on the project." Morris Aff. ¶¶ 9-10. He "was assured . . . by Mr. Chewbaka that Lumus would be paying R.M. if Principle IX did not," and states that "this gave me the level of comfort needed to commit to the Project." *Id.* at ¶ 9. He states that "Lumus would give directions directly to R.M. throughout the project" and, "at one point," "Lumus stepped in and made payments to R.M. in lieu of Principle IX" when "Principle IX had not paid R.M." *Id.* at 12.

DISCUSSION

A.  *The Legal Standard under Rule 12(b)(6)*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the

complaint as true, *Erickson v. Pardus*, 551 U.S. 89, ---, 127 S. Ct. 2197, 2200 (2007) (*per curiam*), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* ("*Iqbal II*"), 556 U.S. ---, 2009 WL 1361536, at *13 (May 18, 2009).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *rev'd on other grounds*, 556 U.S. --- (2009) ("*Iqbal I*") (emphasis omitted) (interpreting *Twombly*).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

In its recent decision in *Iqbal II*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 8. Citing its earlier decision in *Twombly*, 550 U.S. 544, the Court explained:

4

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

2009 WL 1361536, at *12 (internal citations and quotation marks omitted). Thus, I must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at *13. With respect to any surviving well-pleaded factual allegations, I must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

B.  *The Defendants' Motion to Dismiss*

I construe R.M.'s terse complaint to allege a breach of contract claim against all named defendants. Although the complaint does not specifically allege that a contract was formed, its statement that "the defendants have breached the agreement with plaintiff by failing to pay the sum . . . owed," Compl. ¶ 17, implicitly alleges that an agreement between the plaintiff and the defendants existed. Thus, by pleading that a contract existed, that it was breached by the defendants, and that plaintiff suffered damage as a result, R.M has pleaded a breach of contract action against the defendants.

Because this complaint is legally sufficient, defendants' motion to dismiss should be denied. However, as defendants allege, and plaintiff apparently concedes, the complaint is factually inaccurate, as only Principle IX actually entered into a contract with R.M. On the other hand, one of the assertions in the Morris Affidavit submitted in opposition to the motion suggests a viable contract or quasi-contract claim. Although the mere fact that Lumus supervised R.M.'s performance does not oblige Lumus to pay R.M., *see USA Bridge Const. of N.Y. v. Nat'l R.R. Passenger Corp.*, 1999 WL 718078 at *5 (E.D.N.Y. 1999), and, as plaintiff conceded at oral

argument, representations by ICE regarding Lumus's willingness to pay are not relevant to a claim against Lumus, Morris alleges that Lumus actually made payments to R.M. on Principle IX's behalf. This suggests that Lumus "intended to pay" for R.M.'s services. *Id.* at *4; *see U.S. East Telecom., Inc. v. US West Commc'n Servs.*, 38 F.3d 1289 (2d Cir. 1994) ("A party, whether or not it is in a contractual relationship with another, may incur quasi-contractual obligations to a third party with whom it has not contracted, by virtue of its direct representations to that party."). Although defendants claim that this final allegation is false, its veracity is not appropriately addressed in a motion to dismiss under Rule 12(b)(6).

Accordingly, without objection from the remaining defendants, I granted R.M. leave at oral argument to amend its complaint, on or before July 2, 2009, to add that allegation.

## CONCLUSION

By consent of the parties, R.M.'s claims against ICE and Arch are dismissed. R.M. will file an amended complaint against Lumus and Principle IX by July 2, 2009. Defendants' motion to dismiss is denied in all other respects.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 26, 2009
      Brooklyn, New York