```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

R.M. DEVELOPMENT AND
CONSTRUCTION, LLC,

                Plaintiff,                                              MEMORANDUM
                                                                        AND ORDER
        -against-                                                       09-CV-1666 (JG)

PRINCIPAL IX ASSOCIATES, LLP,
et al.,

                Defendants.
----------------------------------------------------X
```
Gold, S., U.S.M.J.:

## Introduction

Plaintiff, R.M. Development and Construction, LLC, brings this action to recover $324,500 it alleges is due and owing for work it performed on a construction project. Compl. ¶ 14, Docket Entry 1. By motion filed August 11, 2010, Cohen and Krassner, plaintiff's attorneys, seek to be relieved. Docket Entry 38. Plaintiff's owner and principal, Enrique Castillo, opposes the motion and requests appointment of counsel or a stay if Cohen and Krassner's motion is granted. For the reasons and with the qualifications set forth below, Cohen and Krassner's motion to be relieved is granted, plaintiff's motion seeking appointment of counsel is denied, and a limited stay is granted.

## Discussion

*A.    Counsel's Motion to be Relieved*

An attorney who has appeared in an action may be relieved only upon a showing of satisfactory reasons for withdrawal. Local Civil Rule 1.4. Mark Krassner, a member of Cohen and Krassner, has submitted an affidavit in support of his law firm's motion. Docket Entry 38-1.

In his affidavit, Krassner states that Mr. Castillo has been convicted of felony charges and sentenced to serve three to nine years in prison. Krassner then asserts two grounds in support of his firm's motion to be relieved. First, Krassner contends that his firm should be relieved because its attorneys lack experience handling criminal matters. Second, Krassner states that plaintiff lacks sufficient funds to pay attorney's fees and expenses.

In his opposition to the motion, Mr. Castillo states that he has already paid Cohen and Krassner a retainer of $5,000 and that he seeks to settle R.M. Development's claims. Castillo does not contest Krassner's assertion that R.M. Development lacks the funds to pay the fees and expenses required to litigate its claim, and acknowledges that he is himself indigent. Docket Entry 41.

The first ground advanced by Cohen and Krassner – lack of criminal law experience – is not a satisfactory reason for withdrawal. This case does not raise any complex questions of criminal law, and there is no reason why an attorney otherwise competent to bring the claims asserted in this case, even one without criminal law experience, could not capably represent plaintiff in this action.

Inability to pay counsel fees, on the other hand, generally does constitute a sufficient basis on which to grant a motion to be relieved. *See, e.g., Melnick v. Press*, 2009 WL 2824586, at * 3 (E.D.N.Y. Aug. 28, 2009) (citing cases). Although some cases have held that an inability to pay counsel fees, without more, is not a sufficient basis for withdrawal, those cases have generally involved criminal defense attorneys who could be compensated pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, *see, e.g. United States v. Stein,* 488 F.Supp.2d 370 (S.D.N.Y. 2007), or cases in which counsel knew of a client's inability to pay before undertaking the representation at

2

issue, *S.E.C. v. Intracom Corp.*, 2007 WL 1593208 (E.D.N.Y. June 1, 2007). Neither circumstance applies here. Accordingly, counsel's motion is granted, subject to the three conditions set forth below.

First, Mr. Castillo has indicated his desire to settle plaintiff's claims. Plaintiff's counsel shall make a good faith effort to settle plaintiff's claims over the next 30 days. Counsel shall submit a report on the status of settlement negotiations by October 1, 2010. If the case has not been settled by that date, counsel will be relieved.

Second, with respect to Mr. Castillo's assertion that he has paid a retainer of $5,000, counsel shall submit an invoice to Mr. Castillo by October 1, 2010, accounting for the retainer. If the entire retainer has not been exhausted, the balance shall be returned to plaintiff.

Finally, counsel will be expected to cooperate with any successor attorney retained by plaintiff. This cooperation will include providing successor counsel with access to any materials in Cohen and Krassner's files relating to their representation of plaintiff.

B.     *Plaintiff's Application for Appointment of Counsel*

As noted above, Enrique Castillo, plaintiff's owner and principal, asserts that he is indigent and requests pro bono counsel in the event Cohen and Krassner is relieved. "A court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This section, however, applies only to natural persons. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993). Because plaintiff is a limited liability company, Mr. Castillo's request that the court seek pro bono counsel on its behalf is denied.

C.     *Plaintiff's Request for a Stay*

Finally, Mr. Castillo asks that this case be stayed until he is released from prison. Mr.

Castillo has been sentenced to a prison term of three to nine years. A stay of several years is unreasonable, particularly because Castillo offers no reason why the company's claim cannot be pursued while he is incarcerated, or why it is likely that the company will have the means to retain counsel in the future if it lacks those means now. I will, however, stay the progress of this case for a limited period to allow time to attempt to settle the action, and plaintiff an opportunity to retain new counsel if the case cannot be settled.

Accordingly, and as indicated above, Cohen and Krassner will make a good faith effort to settle the action over the next thirty days. If that effort fails, plaintiff may have until January 14, 2011, to retain new counsel. Plaintiff is reminded that a corporation may appear in court only through counsel. *See, e.g., Rowland*, 506 U.S. at 202. If counsel does not appear on plaintiff's behalf by January 14, 2011, and the case has not been settled by then, defendants may move to dismiss plaintiff's claims.

## Conclusion

For the reasons and subject to the conditions stated above, Cohen and Krassner's motion to be relieved is granted, plaintiff's motion seeking appointment of counsel is denied, and a limited stay is granted. Cohen and Krassner shall promptly serve a copy of this Order on Mr. Castillo and file proof of service with the Court.

**So Ordered.**

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**August 27, 2010**

U:\RM Development 082710 final.wpd